


**U.S. Department of Justice**

*United States Attorney*

*District of Maryland*

FILED
DISTRICT COURT
DISTRICT OF MARYLAND

2017 JAN 12  AM 11: 47

CLERK
AT
BY _____ DEPUTY

*Zachary A. Myers*
*Assistant United States Attorney*
*Zachary.Myers@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4848*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

October 31, 2016

Joseph A. Balter, Esq.
Mt. Washington Mill
1340 Smith Ave Ste 200
Baltimore, MD 21209

Re:     *United States v. Patrick Shawn Sutphin, GLR-16-00062*

Dear Mr. Balter:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by November 14, 2016, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1.     The Defendant agrees to plead guilty to Count One of the Indictment charging him with Sexual Exploitation of a Child, in violation of Title 18, United States Code, Section 2251(a). The Defendant admits that the Defendant is, in fact, guilty of this offense and will so advise the Court.

### Elements of the Offense

2.     The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

a.   the defendant employed, used, persuaded, induced, enticed or coerced an individual to assist any other person to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

b.   A person in the visual depiction was a minor;

c.   The Defendant knew or had reason to know that such visual depiction would be mailed or transported across state lines or in foreign commerce; or that the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means.

## Penalties

3.     The maximum sentence provided by statute for the offense to which your client is pleading guilty is imprisonment for between fifteen (15) and thirty (30) years, followed by a term of supervised release of not less than five years and not more than life and a fine of up to $250,000.

4.     In addition, the Defendant must pay $100 as a special assessment pursuant to Title 18, United States Code, Section 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order the Defendant to make restitution pursuant to Title 18, United States Code, Sections 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to Title 18, United States Code, Section 3572(d), the Court orders otherwise. The Defendant understands that if the Defendant serves a term of imprisonment, is released on supervised release, and then violates the conditions of supervised release imposed by the Court, the Defendant's supervised release could be revoked—even on the last day of the term—and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

5.     The Defendant understands and agrees that as a consequence of his conviction for the crime to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to Title 18, United States Code, Section 2250.

## Waiver of Rights

6.     The Defendant understands that by entering into this agreement, the Defendant surrenders certain rights as outlined below:

a.  If the Defendant had persisted in a plea of not guilty, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.  If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.  If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d.   The Defendant would have the right to testify if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

e.   The Defendant further waives any and all motions, defenses, probable cause determinations, objections which defendant could assert to the indictment or to the Court's entry of judgment against the Defendant, and any imposition of sentence upon the Defendant consistent with this agreement. If Defendant files a notice of appeal, notwithstanding this agreement, Defendant agrees that this case shall be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

f.   If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against the Defendant. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

g.   By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights the Defendant is giving up and about the facts of the Defendant's case. Any statements the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

h.   If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find the Defendant guilty.

i.   By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if the Defendant is not a citizen of the United States, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including defense counsel or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

7.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at Title 18, United States Code, Sections 3551-3742 (excepting Title 18, United States Code, Sections 3553(b)(1) and 3742(e)) and Title 28, United States Code, Sections 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the

Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

8.      This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

   a.   **Base Offense Level:** The base offense level is thirty-two (32) pursuant to U.S.S.G. §2G2.1(a).

   b.   **Minor under 16:** Pursuant to U.S.S.G. §2G2.1(b)(1)(B), there is a two (2) level increase because the offense involved a minor who had not attained the age of sixteen years.

   c.   **Sexual Act:** Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act.

   d.   **Care or Custody:** Pursuant to U.S.S.G. §2G2.1(b)(5), there is a two (2) level increase because the minor was otherwise in the custody, care, or supervisory control of the Defendant.

   e.   **Use of a Computer:** Pursuant to U.S.S.G. §2G2.1(b)(6)(B), there is a two (2) level increase because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or otherwise solicit participation by a minor in sexually explicit conduct.

   f.   **Repeat and Dangerous Sex Offender Against Minors:** Pursuant to U.S.S.G. §4B1.5(b)(1), there is a five (5) level increase because the Defendant engaged in a pattern of activity involving prohibited sexual conduct.

9.      This Office does not oppose a two-level reduction in the Defendant's combined adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for your client's criminal conduct. This Office intends to make a motion pursuant to U.S.S.G. §3E1.1(b) for an additional 1-level decrease, assuming your client continues to accept personal responsibility for your client's conduct up to, and through, sentencing. This Office may oppose any adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about your client's involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw the plea of guilty.

10.     Thus, the final anticipated adjusted offense level forty-two (42), after the anticipated adjustment for acceptance of responsibility.

11.     The Defendant understands that there is no agreement as to the Defendant's criminal history or criminal history category, and that the Defendant's criminal history could alter the Defendant's offense level if the Defendant is a career offender or if the instant offense was a

part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

12.     This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4, or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

## Rule 11(c)(1)(C) Plea

13.     The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **345 months' imprisonment, to be served concurrently to the sentence imposed by the Circuit Court for Talbot County in Case No. 20-K-15-011129, followed by a lifetime term of supervised release** is the appropriate disposition of this case, and that the state facility where the Defendant is being held should be designated as the location for service of the federal sentence. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

## Obligations of the United States Attorney's Office

14.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

15.     Following the Defendant's plea of guilty to the offenses charged in Count Nine of the Superseding Indictment, and the imposition of sentence for that offense, the government agrees to move to dismiss Counts Two through Seven with prejudice, pursuant to Federal Rule of Criminal Procedure 48(a).

## No Contact with Jane Doe

16.     While incarcerated and throughout the entire term of his imprisonment, the Defendant will not (a) make any contact with Jane Doe, as identified in the attached Statement of Facts, or the immediate family of Jane Doe, and (b) take any steps whatsoever to locate Jane Doe, or the family of Jane Doe. The Defendant agrees to the entry of any Protective Order regarding any contact with Jane Doe or her immediate family. The Defendant specifically agrees that this provision shall continue following his release and will be part of any supervised release conditions ordered by the Court at the time of sentencing. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. The Defendant waives and agrees to waive any right to challenge any prosecution based on the statute of limitations or double jeopardy and knowingly and voluntarily agrees to toll the limitations period through the end of his incarceration and supervised release.

## Forfeiture

17.     The Defendant agrees to forfeit all right, title and interest in the Apple iPhone 5C, serial no. C7JMC1XDFNDK seized by law enforcement authorities and to take whatever steps are necessary to pass clear title to that device to the United States.

## Restitution

18.     The Defendant agrees that, under Title 18 United States Code, Sections 3663A, 2259, and 3771, the child identified in the Indictment as Jane Doe is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Collection of Financial Obligations

19.     The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

20.     In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

21.     The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

## Waiver of Appeal

22.    In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c.    Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

23.    The Defendant agrees that the Defendant will not commit any offense in violation of federal, state or local law between the date of this agreement and the Defendant's sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under USSG §3C1.1, (ii) fails to accept personal responsibility for the Defendant's conduct by failing to acknowledge the Defendant's guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw the Defendant's guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

24.    The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the guideline stipulations set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant also expressly

understands that the Court is free to accept or reject the parties' joint recommendation under Rule 11(c)(1)(C).

### Entire Agreement

25.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: Zachary A. Myers
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

11-3-16
Date

Patrick Shawn Sutphin

I am Patrick Shawn Sutphin's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

11-3-2016
Date

Joseph A. Balter, Esq.



## EXHIBIT A
## STIPULATED FACTS

*The undersigned parties hereby stipulate and agree that the following facts are true, and if this case had proceeded to trial, the government would have proven these facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

The Defendant, Patrick Shawn Sutphin ("Sutphin"), age 43, is a former resident of Easton, Talbot County, Maryland. Jane Doe was a thirteen year old girl. Jane Doe was occasionally in Sutphin's custody, care, or supervisory control.

Sutphin purchased gifts for her including jewelry and clothing. Between approximately August and November 2015, Sutphin engaged in a number of sex acts with Jane Doe, including oral, vaginal and anal sex. On one occasion, Sutphin transported Jane Doe to Pennsylvania, where he also engaged in sex acts with her in a hotel.

Sutphin communicated with Jane Doe using text messages, video chat, and social media applications. In some of his digital communications with Jane Doe, Sutphin discussed the sexual conduct he has engaged in with Jane Doe, and the conduct he wished to engage in in the future. Sutphin regularly requested that Jane Doe send him sexually explicit images using social media messaging, but Jane Doe refused. On a number of occasions, Sutphin used his Apple iPhone 5c to take sexually explicit pictures of Jane Doe.

On November 3, 2015, Sutphin's abuse of Jane Doe was reported to law enforcement officers. On November 4, 2015, a search warrant was executed at Sutphin's Maryland residence and his iPhone was seized and searched. Investigators were able to access the data stored on Sutphin's iPhone, which included many images of Jane Doe engaged in sexually explicit conduct, including:

| FILE NAME | CREATION DATE |
|-----------|---------------|
| IMG_2941.JPG | 9/19/2015 |
| IMG_3068.PNG | 9/24/2015 |
| IMG_3204.PNG | 9/27/2015 |
| IMG_3232.PNG | 9/28/2015 |
| IMG_3302.PNG | 9/30/2015 |
| IMG_3319.JPG | 10/3/2015 |
| IMG_3456.JPG | 11/1/2015 |

Each of the images listed above was taken in Maryland.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

11-3-16
Date

Patrick Shawn Sutphin

I am Patrick Shawn Sutphin's attorney. I have carefully reviewed the statement of facts with him.

11-3-7016
Joseph A. Balter, Esq.

2